**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICK TANGYE MBI,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,

        Agency.

DOCKET NUMBER
DA-315H-13-2151-I-1

DATE: August 13, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patrick Tangye Mbi, Allen, Texas, pro se.

Shawn Webb, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Effective July 29, 2012, the appellant received a career-conditional appointment to a competitive service position as an Immigration Services Officer, GS-1801-09, with the agency. Initial Appeal File (IAF), Tab 6 at 22. The agency terminated the appellant, effective July 26, 2013, for misconduct, specifically for harassing and using profanity toward an individual filing an application with the agency. *Id.* at 11-12, 14.

¶3    In a timely filed appeal, the appellant alleged that the agency failed to accommodate his disability when he experienced a relapse of Post-Traumatic Stress Disorder and that the agency lacked sufficient evidence to substantiate the harassment charge. IAF, Tab 1 at 3. In her acknowledgment order, the administrative judge informed the appellant that there was a question of whether the Board had jurisdiction over his appeal because of his probationary status. IAF, Tab 2 at 2. The administrative judge explained that the appellant might have Board appeal rights if he met the definition of an employee under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). *Id.* at 2-5. The administrative judge further advised the appellant of the limited appeal rights for some probationary employees in the competitive service and those serving in the first year of a Veterans Recruitment

Appointment under 5 C.F.R. §§ 307.105, 315.806.  *Id.* at 2-5.  The appellant failed to respond; the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4-5.  To ensure that the appellant was given sufficient notice of his burden to establish jurisdiction, the administrative judge issued a second order in which she provided even more detailed instructions regarding the appeal rights of probationary employees.  IAF, Tab 7 at 2-4.  The appellant responded to this order; however, he failed to provide any new arguments that would support his allegation that the Board had jurisdiction over his appeal.[2]  IAF, Tab 9 at 1.

¶4          The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding the requested hearing.[3]  IAF, Tab 10, Initial Decision (ID) at 1.  The administrative judge found that the appellant failed to nonfrivolously allege that he qualified as an employee under either prong of 5 U.S.C. § 7511(a)(1)(A) because he failed to allege that he had more than 1 year of federal civilian service or that he was not a probationer at the time of his termination.  ID at 3-5.  In addition, the administrative judge found that the appellant failed to nonfrivolously allege jurisdiction under 5 C.F.R. § 315.806 because he failed to allege that he was terminated either for pre-appointment reasons or based on partisan political reasons or marital status.  ID at 4-5.  The administrative judge found that, in the absence of an otherwise appealable action,

_____

[2] On September 18, 2013, the Board received the appellant's response to the jurisdiction orders and the agency's motion to dismiss.  IAF, Tab 9.  The agency filed the pleading on the appellant's behalf.  *Id.*  Although the appellant failed to properly serve the pleading on the Board, the Board received it prior to the September 19, 2013 deadline established by the second order.  *Id.*; IAF, Tab 7 at 4.  Nevertheless, the administrative judge did not consider the response in her initial decision.  ID at 2-3.  Because it was timely filed, the Board now considers this response and finds it to have no effect on the outcome of this appeal.  Therefore, the administrative judge's failure to consider it is harmless error.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] Absent nonfrivolous allegations by an appellant, there is no right to a hearing on the threshold issue of jurisdiction.  *See Campion v. Merit Systems Protection Board*, 326 F.3d 1210, 1215 (Fed. Cir. 2003).

the Board lacked jurisdiction over the appellant's claims of discrimination and harmful procedural error. ID at 5.

¶5       On review, the appellant makes four contentions; however, only one argument relates to Board jurisdiction. First, the appellant argues that the Board has jurisdiction because he meets "the definition of employee, despite [his] probationary status" and the jurisdictional requirements set forth in 5 C.F.R. § 315.806. Petition for Review (PFR) File, Tab 1 at 1. The appellant further argues that the evidence does not support the harassment charge, and he attempts to supplement the record with new evidence obtained from his cell phone company of phone logs of his calls. *Id.* at 3. The appellant also argues that the agency gave him insufficient notice of and opportunity to respond to the charges against him prior to his termination. *Id.* Finally, the appellant reasserts his claims of discrimination on the basis of disability, sex, and veteran status. *Id.* at 3, 6.

¶6       The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant with a career-conditional appointment may have a statutory right to appeal adverse actions to the Board under 5 U.S.C. chapter 75 if he qualifies as an employee under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342 (Fed. Cir. 2002). Under this provision, an individual is an "employee" if he "is not serving a probationary or trial period under an initial appointment," or "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A)(i)-(ii); *Dooley v. Department of Veterans Affairs*, 112 M.S.P.R. 110, ¶ 6 (2009). On review, the appellant admits he was a probationer and offers no further argument that he has any prior creditable federal service. PFR File, Tab 1 at 1. Thus, there is no reason to disturb the administrative judge's finding that the appellant was not an employee under 5 U.S.C. § 7511(a)(1)(A).

¶7     Regarding the appellant's claim that he has a right to appeal under 5 C.F.R. § 315.806, that regulation does provide limited appeal rights to probationers. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 10 (2010). However, the appellant's mere statement that "I'm certain that I meet the requirement[s] [of] 5 C.F.R. §§ 315.805 or 315.806," PFR File, Tab 1 at 1, does not satisfy his burden to nonfrivolously allege jurisdiction, *see Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007) (determining that pro forma allegations are insufficient to satisfy the nonfrivolous standard).

¶8     As the administrative judge correctly indicated in her jurisdictional orders, probationers who are not employees under 5 U.S.C. § 7511 may appeal a termination for post-appointment reasons to the Board only if the termination is based on partisan political reasons or marital status or a termination for reasons arising prior to the employee's appointment, if it was not effected in accordance with 5 C.F.R. § 315.805. 5 C.F.R. § 315.806(b)-(c); *Merian v. Department of the Navy*, 107 M.S.P.R. 221, ¶ 4 (2007). Because the appellant failed to make any allegation that he was terminated for pre-appointment reasons, he is not entitled to the process afforded by 5 C.F.R. § 315.805, and he cannot establish Board jurisdiction under 5 C.F.R. § 315.806(c). Additionally, because the appellant failed to allege that he was discriminated against for partisan political reasons or marital status, he does not meet the jurisdictional requirements of 5 C.F.R. § 315.806(b). Therefore, there is no cause to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege jurisdiction under 5 C.F.R. § 315.806.

¶9     As to the appellant's remaining arguments, the fact that he is a veteran, while significant to some matters before the Board, does not establish jurisdiction over his probationary termination appeal. Additionally, the Board need not address the argument that the agency's harassment charge is unsupported by the evidence because it relates to the merits of the appellant's termination and is immaterial to the issue of Board jurisdiction. *See Kellum v. Veterans Affairs*

*Administration*, [2 M.S.P.R. 65](), 67 (1980) (finding that the sufficiency and propriety of the agency's misconduct allegation concerns substantive issues that are immaterial to the appeal, unless the Board has jurisdiction over the probationary termination).  Consequently, the Board also need not decide whether to allow the appellant to supplement the record on review with new evidence. *See id.*

¶10     Therefore, we agree with administrative judge that the appellant failed to nonfrivolously allege jurisdiction, and we find that the probationary termination appeal was properly dismissed on that basis.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544]() (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703]()) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.